IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| SONYA PHIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-2249-SHM |
| | ) | |
| SPM ENTERPRISES, INC., and STEVEN MILAM, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFAULT JUDGMENT AND AWARDING DAMAGES AND ATTORNEY'S FEES**

Before the Court are Plaintiff Sonya Phifer's June 25, 2021 Motion for Default Judgment (D.E. No. 11.) and July 29, 2021 Motion for Default Judgment and Motion for Award of Damages and Attorney's Fees (D.E. No. 14.) (collectively, the "Motion for Default"). Defendants SPM Enterprises, Inc. and Steven Milam ("Defendants") have not responded. For the following reasons, the Motion for Default is **GRANTED**.

From August 15, 2015, to March 15, 2021, Defendants employed Phifer as a hairstylist. (D.E. No. 14-2, ¶ 1.) She received as compensation her tips and a commission of 40% of her sales. (Id. at ¶ 5.) Phifer earned on average $1,126.37 a week. (Id. at ¶ 8.) Phifer was exposed to COVID-19, and on November 28, 2020, she was told to quarantine. (Id. at ¶¶ 2-3.) She was cleared to return to work on December 9, 2020, when her COVID-19 tests

continued to come back negative.[1]  (Id. at ¶ 4.) Defendants did not provide paid sick leave.  (Id. at ¶ 9.)

Phifer filed her Complaint on April 19, 2021.  (D.E. No. 1.)  She brings one claim for a violation of the Families First Coronavirus Response Act (the "Act"), PL 116-127, March 18, 2020, 134 Stat 178.  (Id. at ¶¶ 27-36.)  On May 27, 2021, Phifer served Defendants with her Complaint.  (D.E. No. 7; D.E. No. 8.) Defendants failed to respond within 21 days, and Phifer filed a Motion for Entry of Default with a supporting affidavit from her counsel.  (D.E. No. 10.)  On June 21, 2021, the Clerk of Court entered the Clerk's Entry of Default.  (D.E. No. 10.)  Plaintiff filed a Motion for Default Judgment on June 25, 2021.  (D.E. No. 11.)  On July 28, 2021, the Court directed Phifer and her counsel to file affidavits verifying her damages and her counsel's attorney's fees and costs.  (D.E. No. 13.)  On July 29, 2021, Phifer filed the requested documents with her Motion for Award of Damages.  (D.E. No. 14.)

Phifer swears that she is owed $2,252.74 in backpay and 2,252.74 in liquidated damages, for a total award of $4,505.48. (D.E. No. 14-2, ¶¶ 10-12.)  Phifer's counsel and his firm billed a total of 21.25 hours for a total fee of $7,215.00 and accrued a total of $515.92 in costs.  (D.E. No. 14-3, ¶ 16.)  Phifer's

---

[1] All COVID-19 tests Phifer took were negative.  (See D.E. No. 14-2, ¶ 4.)

counsel attached the hours he billed and his hourly rate. (D.E. No. 14-4.) He has also provided the Court with his firm's electronic timesheet for this case. (D.E. No. 14-5.) Phifer's counsel swears that his hourly rate of $365 is the reasonable and customary rate for senior attorneys of his experience level in the Memphis area. (D.E. No. 14-3.)

Rule 55 creates a two-step process for obtaining a default judgment. First, the clerk of the court enters a default if the defendant has failed to answer or defend the complaint. Fed. Civ. P. 55(a). Then, the plaintiff may move the court for a default judgment. Fed. R. Civ. P. 55(b). The well pled factual allegations in the complaint are taken as true when the defendant is in default. Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). The court enters judgment in favor of the plaintiff if the plaintiff's complaint supports a finding of liability. Id.

The Court has "an obligation to ensure that there is a legitimate basis for any award of damages that it enters." The record must adequately support a basis for the award. Id.; Zinganything, LLC v. Imp. Store, 158 F. Supp. 3d 668, 675 (N.D. Ohio 2016). The Court may rely on affidavits submitted on the issue of damages in lieu of an evidentiary hearing. Arthur v. Robert James & Assocs. Asset Mgmt., Inc., No. 3:11-CV-460, 2012 WL 1122892 at *1-2 (S.D. Ohio Apr. 3, 2012). The Court may rely

3

on affidavits to support liquidated damages. <u>Boards of Trustees of Ohio Laborers' Fringe Benefits Programs v. Freisthler Paving, Inc.</u>, No. 2:18-CV-1463, 2019 WL 4142682 at *1 (S.D. Ohio Aug. 30, 2019); see also <u>Zinganything</u>, 158 F. Supp. 3d at 675; <u>Arthur</u>, 2012 WL 1122892 at *1-2. Liquidated damages are damages that are calculable. <u>Freisthler</u>, 2019 WL 4142682 at *1. Unliquidated damages require an evidentiary proceeding. See <u>Antoine v. Atlas Turner, Inc.</u>, 66 F.3d 105, 110-111 (6th Cir. 1995).

Under the Act, "[a]n employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because" "[t]he employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19." Pub. L. No. 116-127, § 5102(a)(2), 134 Stat. 178, 195-96 (2020). The Act's enforcement mechanism adopts the penalties from the Fair Labor Standards Act (the "FLSA"). § 5105, 134 Stat. 178, 197. Under the Act, "[a]n employer who violates section 5102 shall" "(1) be considered to have failed to pay minimum wages in violation of Section 6 of the [FLSA] . . .", and "(2) be subject to the penalties described in sections 16 and 17 of [the FLSA]. . . ." <u>Id.</u> Under the Act, "paid sick time" is defined as "not less than the greater of the" "employee's regular rate of pay (as determined under section 7(e) of the [FLSA] . . ." and the minimum wage. § 5110, 134 Stat 178, 199-200.

4

Under the FLSA, employees are entitled the "amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 7(e) defines the regular rate of pay as "all renumeration for employment paid to, or on behalf of, the employee" with various exceptions. 29 U.S.C. § 207. The Department of Labor (the "DOL") calculates the regular rate of pay for employees compensated by tips and commission under the Act by calculating the non-excludable renumeration for each full work week during the previous six months and dividing it by the number of hours the employee worked. (DOL Q&As #82-83, 85, https://www.dol.gov/agencies/whd/pandemic/ffcra-questions; citing 29 C.F.R. 778; 29 CFR 531.60).

Taking Phifer's Complaint as true, Defendants violated the Act. Phifer alleges that she was exposed to COVID-19 and ordered by the test administrator to quarantine until she received a negative COVID-19 test. (D.E. No. 1, ¶¶ 19-24.) On November 28, 2020, she worked and then took a COVID-19 test. (Id. at ¶ 23.) Phifer swears she was instructed to quarantine for ten days. (D.E. No. 14-2, ¶ 3.) Her COVID-19 tests were negative, and she was cleared to return to work on December 9. (Id. at ¶¶ 3-4.) Phifer alleges that Defendants refused to pay her for the ten days she spent on leave. (See D.E. No. 1, ¶ 26.) The record establishes that Defendants violated the Act because Phifer was

5

ordered to quarantine due to concerns related to COVID-19 and Defendants failed to provide paid sick time.

Phifer has adequately supported her damages award. Defendants paid Phifer 40% of her sales as a commission, and Phifer received her tips as part of her compensation. (D.E. No. 14-2, ¶ 5.)  She swears she earned $21,784.01 in commissions and $ 7,501.60 in tips during the six months before her COVID exposure. (Id. at ¶ 7.)  Her total earnings were $ 29,285.61. (Id.)  She earned an average of $1,126.37 a week.  (Id. at ¶ 8.) Phifer has attached receipts showing her hours, commission, and tips.  (D.E. No. 14-2, 8-53.)

Phifer self-quarantined from after work on November 28, 2020, through December 8, 2020.  (See Id. at ¶¶ 3-4; D.E. No. 1, ¶ 23.)  She swears that those ten days represent two weeks of missed work.  (D.E. No. 14-2, ¶ 9.)  Phifer did not receive paid sick time in accordance with the Act.  (See D.E. No. 1, ¶¶ 26.) There is no evidence that Defendants acted in good faith to comply with the Act.  Phifer's average weekly pay was $ 1,126.37. (D.E. No. 14-2, ¶ 8.)  She swears she missed two full weeks of work and is owed $2,252.74 in unpaid sick time.  (Id. at ¶ 10.) There is a legitimate basis to award the backpay Phifer seeks.

Phifer is entitled to an amount equal to her backpay of $2,252.74 in liquidated damages.  29 U.S.C. § 216(b).  No evidentiary hearing is needed because Phifer's damages are

liquidated damages. They are calculable. See 29 U.S.C. § 216(b). Phifer's total damages award is $4,505.48.

Under the FLSA, the Court is required to award reasonable attorney's fees and costs "in addition to any judgment awarded to the plaintiff." 29 U.S.C. § 216(b). Courts grant attorney's fees and costs in FLSA default judgments. See Long v. Morgan, 451 F.Supp. 3d 830, 836-837 (M.D. Tenn. 2020). The Act incorporates the fee requirement of the FLSA. § 5105, 134 Stat. 178, 197. The Court must award reasonable attorney's fees and costs to Phifer's counsel.

Phifer's counsel has provided an affidavit, timesheets, and a lodestar calculation of his work. (D.E. No. 14-3; D.E. No. 14-4; D.E. No. 14-5.) That evidence supports his reasonable costs and attorney's fees. Phifer's counsel billed 18.75 hours at $365 an hour, 0.25 hours at $150 an hour, and 2.26 hours at $165 an hour.[2] (D.E. No. 14-4). Phifer's counsel swears that he and his firm normally charge $365 an hour to fee-paying clients. (D.E. No. 14-3, ¶ 4.) He swears that $365 an hour is a reasonable and customary rate for senior attorneys of his experience and skill level in Shelby County, Tennessee. (Id.) Phifer's counsel seeks $7,214.00 in fees and $515.92 in costs.

---

[2] The lower hourly rates represent the hourly rates for a paralegal and a legal intern. (See D.E. No. 14-1, 4.)

7

(D.E. No. 14-3, ¶ 16.)  Counsel's hourly rate and hours are reasonable.

The Motion for Default is **GRANTED**.  Phifer's counsel, Phillip Oliphant and the Crone Law Firm, are entitled to and are awarded $7,215.00 in attorney's fees and $515.92 in costs, for a total of $7,730.92.  Phifer is entitled to and is awarded backpay and liquidated damages in the amount of $4,505.48.

SO ORDERED this 30th day of August, 2021.

                                  */s/ Samuel H. Mays, Jr.*
                                  SAMUEL H. MAYS, JR.
                                  UNITED STATES DISTRICT JUDGE